# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINSLEY FAGAN, | CASE NO. 1:08-cv-01674 DLB PC |
| Plaintiff, | ORDER DISMISSING DEFENDANTS FRESNO COUNTY JAIL, HERR, GIBBS AND ASHIAER FROM ACTION |
| v. | |
| FRESNO COUNTY JAIL, et al., | (Doc. 1) |
| Defendants. | |

**Order Following Screening of Complaint**

**I.    Procedural History**

Plaintiff Tinsley Fagan ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 3, 2008. Plaintiff filed consent to Magistrate Judge jurisdiction on December 15, 2008.

On March 24, 2009, the Court issued an order finding that Plaintiff's complaint states cognizable claims against Defendants John Doe 1 (Warden) and John Doe 2 (Captain) regarding the lack of sunlight and fresh air, but does not state any claims against defendants Fresno County Jail, Herr, Gibbs, and Ashiaer. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. On April 28, 2009, Plaintiff notified the Court that he does not wish to amend and is willing to proceed on the claims found cognizable. Based on Plaintiff's notice, this Order now issues.

///

1

1  II.     **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

III.    **Summary of Plaintiff's Complaint**

The events giving rise to the claims at issue in this action allegedly occurred at Fresno County Jail in Fresno. Plaintiff alleges a violation of the United States Constitution stemming from his conditions of confinement at Fresno County Jail between February 6, 2008 to September 18, 2008.

Plaintiff alleges that he was transferred to Fresno County Jail from FDC-Dublin, a federal facility, on February 6, 2008 to await criminal charges for aggravated assault on a prison guard. Plaintiff states that he was placed in Special Housing Unit ("SHU") at Fresno County Jail and was confined without any outdoor recreation, sunlight, or fresh air for seven months, until he was

| | |
|---|---|
| 1 | transferred out on September 18, 2008. Plaintiff states that he was informed by defendant Ashiaer |
| 2 | in March 2008 that high risk inmates were not permitted outdoor recreation, and directed Plaintiff |
| 3 | to speak to the block sergeants. Plaintiff states that in April 2008, defendant Block Sergeant Gibbs |
| 4 | also informed him that high risk inmates to do not receive outdoor recreation per policy. Plaintiff |
| 5 | states that a week later he spoke with defendant Herr, who told Plaintiff to file a grievance. Plaintiff |
| 6 | alleges that the policy was established by defendant Warden John Doe and defendant Captain John |
| 7 | Doe. |
| 8 | Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of |
| 9 | state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, |
| 10 | 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that |
| 11 | person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act |
| 12 | which [that person] is legally required to do that causes the deprivation of which complaint is |
| 13 | made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite |
| 14 | causal connection can be established not only by some kind of direct, personal participation in the |
| 15 | deprivation, but also by setting in motion a series of acts by others which the actor knows or |
| 16 | reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting |
| 17 | Johnson at 743-44). |
| 18 | The Eighth Amendment protects prisoners from inhumane methods of punishment and from |
| 19 | inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). |
| 20 | Extreme deprivations are required to make out a conditions of confinement claim, and only those |
| 21 | deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form |
| 22 | the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 |
| 23 | (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth |
| 24 | Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew |
| 25 | of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 |
| 26 | U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). |
| 27 | The Eighth Amendment's prohibition against cruel and unusual punishment only protects |
| 28 | convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, |

395 n.10 (1989). Although the rights of pre-trial detainees are analyzed under the Due Process Clause rather than the Eighth Amendment, the same standards apply. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).[1]

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's allegations that he was deprived fresh air and sunlight for seven months pursuant to a policy established by the Warden John Doe and the Captain John Doe is sufficient to state a claim for relief against these defendants for unconstitutional conditions of confinement. However, Plaintiff fails to state any cognizable claims against defendants Herr, Gibbs, and Ashiaer. Their actions in explaining the policy to Plaintiff, advising Plaintiff to file a grievance, and directing Plaintiff to another correctional staff member does not give rise to a constitutional violation. Plaintiff has not sufficiently alleged that defendants Herr, Gibbs or Ashiaer knew of and disregarded a substantial risk of serious harm to the plaintiff.

Plaintiff also names Fresno County Jail as a defendant. A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir.2003); Gibson v. County of Washoe, 290 F. 3 d 1175,

---

[1] In the present case, it is unclear whether Plaintiff was a convicted prisoner and/or a pre-trial detainee at the time of the events giving rise to this action.

4

1185 (9th Cir.2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir.2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id. Plaintiff alleges that defendants John Doe 1 (Warden) and John Doe 2 (Captain) established the policy at issue. Plaintiff has not alleged any facts in his complaint that support a claim against the Fresno County Jail under a municipal liability theory.

Finally, Plaintiff alleges that he was housed in the same block as mentally ill inmates who would throw feces and urine within the block, thereby placing Plaintiff at risk for contracting hepatitis. To the extent that Plaintiff is pursuing a separate conditions of confinement claim based on this allegation, Plaintiff fails to state a cognizable claim. Plaintiff has not linked this alleged deprivation to a named defendant. Further, Plaintiff has not alleged that defendants knew of and disregarded an excessive risk of harm to his safety or health. Plaintiff's allegations concerning the risk of contracting hepatitis as pled do not state a cognizable federal claim.

**IV.     Conclusion and Order**

Plaintiff's allegations concerning the deprivation of fresh air and sunlight states a claim for unconstitutional conditions of confinement against Defendants John Doe 1 (Warden) and John Doe 2 (Captain), but fails to state a claim against Defendants Fresno County Jail, Herr, Gibbs and Ashiaer. Plaintiff's allegation that he was at risk of contracting hepatitis also fails to state a claim. Plaintiff was provided with the opportunity to either amend or proceed only on his cognizable

claims, and has opted to proceed on the cognizable claims. Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's complaint, filed November 3, 2008, against Defendants John Doe 1 (Warden) and John Doe 2 (Captain) on his conditions of confinement claim regarding the lack of sunlight and fresh air;

2. Plaintiff's claim concerning the risk of contracting hepatitis is dismissed for failure to state a claim; and

3. Defendants Fresno County Jail, Herr, Gibbs and Ashiaer are dismissed based on Plaintiff's failure to state any claims against them.

IT IS SO ORDERED.

Dated:   **May 20, 2009**          /s/ **Dennis L. Beck**
                                 UNITED STATES MAGISTRATE JUDGE