# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINSLEY FAGAN, | CASE NO. 1:08-cv-01674-DLB PC |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO RESPOND TO MOTION FOR MORE DEFINITE STATEMENT |
| v. | |
| FRESNO COUNTY JAIL, et al., | (Doc. 16) |
| Defendants. | PLAINTIFF'S OPPOSITION DUE WITHIN 21 DAYS |

Plaintiff is a federal prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Warden Doe and Captain John Doe for conditions of confinement in violation of the Eighth Amendment. On October 23, 2009, the County of Fresno ("County")[1] specially appeared, and filed a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 16.)

The County contends that "Warden" is not the proper person who administers a county jail. (Doc. 16, Mem. Of P. & A. In Support of Mot. For More Definite Statement 3:10-20.) The County states that on or about September 1, 2009, it was served by the United States Marshal requests for waivers of service. (Id. at 2:23-26.) The County indicates that they are unable to identify the proper defendants and therefore cannot adequately respond to the complaint. The County does not know if Plaintiff is suing the Sheriff, the assistant Sheriff in charge of the

---

[1] County of Fresno is not a party in this action.

1

Detentions division, or some other person. (Id.) The County further contends that during the relevant period, there were two captains, and it is unclear whether one or both are implicated. (Id. at 3:21-27.) The County is not opposed to discovery relevant to identifying the Doe defendants. (Id. at 4:1-12.) The County requests that the motion be granted, and Plaintiff amend his complaint to provide more specificity as to the identity of the defendants. (Id. at 4:15-17.)

Plaintiff has not filed an opposition or statement of non-opposition to the motion. Plaintiff will respond to the County's motion, and address the issues concerning the identities of the Doe defendants.

Plaintiff is HEREBY ORDERED to file an opposition to the motion within twenty-one (21) days of service of this order. Failure to comply with this order will result in dismissal of this action without prejudice for failure to obey a court order and for failure to provide sufficient information to effect service.[2]

IT IS SO ORDERED.

Dated:   **December 10, 2009**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

2