IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINSLEY FAGAN, | 1:08-CV-1674-DLB (PC) |
| Plaintiff, | ORDER DISMISSING CASE FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| FRESNO COUNTY JAIL, et. al, | (ECF NOS. 24, 27) |
| Defendants. | |

On January 12, 2010, the Court granted Plaintiff leave to file an amended complaint and ordered Plaintiff to file an amended complaint within thirty days. Plaintiff failed to respond. On May 17, 2010, the Court issued an order directing Plaintiff to show cause within thirty (30) days why this action should not be dismissed for failure to obey the Court's January 12, 2010 Order. The thirty (30)-day period has now expired, and Plaintiff has not responded to the Court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

1  apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal
2  for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
3  1986) (dismissal for lack of prosecution and failure to comply with local rules).

4      In determining whether to dismiss an action for lack of prosecution, failure to obey a
5  court order, or failure to comply with local rules, the court must consider several factors: (1) the
6  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
7  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
8  their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831;
9  *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
10  *Ghazali*, 46 F.3d at 53.

11      In the instant case, the Court finds that the public's interest in expeditiously resolving this
12  litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third
13  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
14  injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air*
15  *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition
16  of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
17  herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in
18  dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
19  *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's May 17, 2010 Order
20  expressly stated: "If Plaintiff fails to show cause, the Court will dismiss this action for failure to
21  obey a court order."  Thus, Plaintiff had adequate warning that dismissal would result from his
22  noncompliance with the Court's order.

23      Accordingly, the Court HEREBY ORDERS that this action is DISMISSED based on
24  plaintiff's failure to obey the Court's order of May 17, 2010.

25      IT IS SO ORDERED.

26      Dated:  **July 30, 2010**     **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE
27
28